UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| L.C. Brown, Jr., # 275487,<br>*aka L.C. Brown,*<br><br>      Plaintiff,<br><br>vs.<br><br>Lieutenant, Roger Stewart; Ofc. George Goodwin,<br><br>      Defendants. | C/A No.: 4:08-2446-MBS-TER<br><br>REPORT AND RECOMMENDATION |

  The *pro se* plaintiff filed a complaint pursuant to 42 U.S.C. §1983 on July 9, 2008.[1] Defendants filed a Motion for Summary Judgment along with a memorandum and affidavits in support on February 13, 2009. (Document #21). The undersigned issued an order filed February 17, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising plaintiff of the Motion for Summary Judgment procedure and the possible consequences if he failed to respond adequately.

  On March 20, 2009, within his motion for appointment of counsel, plaintiff also requested an extension of time of thirty days for the requested appointed attorney to become familiar with his case. That motion was treated as a motion for extension of time to respond to defendants' motion for summary judgment. Pursuant to the *Roseboro* Order entered February 17, 2009, plaintiff's response was due March 23, 2009. (Doc. #22). Plaintiff's motion for additional time to file a response (doc.#24) was GRANTED. Plaintiff was given until April 23, 2009, to respond to defendants' motion for summary judgment pursuant to the Roseboro Order or his case may be

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

dismissed for failure to prosecute under Rule 41b of the Federal Rules of Civil Procedure, i.e. with prejudice. Plaintiff has failed to file a response.

## A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the Court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the Court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendants' motion for summary judgment or the Court's Orders requiring him to respond. The undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

**CONCLUSION**

As set out above, a review of the record indicates that the plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 12, 2009
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**